UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

ANDRII PRONIN,

    Plaintiff,

v.

KOSHER PALACE, LLC,
LEATHER SPA, INC.,
IOSIF AMINOV, and
OLGA AMINOV,

    Defendants.
_____/

**COMPLAINT**
*{Jury Trial Demanded}*

Plaintiff ANDRII PRONIN ("Pronin") brings this action against Defendants KOSHER PALACE, LLC ("KP"), LEATHER SPA, INC. ("LS"), IOSIF AMINOV ("Iosif"), and OLGA AMINOV ("Olga") and alleges as follows:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-219 ("FLSA"). Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

2. At all times material hereto, Plaintiff was a resident of Florida and an "employee" of Defendants as defined by the FLSA.

3. At all times material hereto, KP was a Florida corporation that regularly transacted business in Broward County, Florida.

4. At all times material hereto, LS was a Florida corporation that regularly transacted business in Broward County, Florida.

1

5. Upon information and belief, KP's gross sales or business generated was over $500,000 per year at all times material hereto.

6. KP has employees handling, selling, or otherwise working on goods or materials that were moved in or produced for commerce, including but not limited to computers, phones, pens, and paper.

7. KP was an enterprise engaged in commerce or the production of goods for commerce and is covered by the FLSA at all times material hereto.

8. Upon information and belief, LS's gross sales or business generated was over $500,000 per year at all times material hereto.

9. LS has employees handling, selling, or otherwise working on goods or materials that were moved in or produced for commerce, including but not limited to computers, phones, pens, and paper.

10. LS was an enterprise engaged in commerce or the production of goods for commerce and is covered by the FLSA at all times material hereto.

11. KP and LS are a single enterprise under the FLSA, performed related activities through unified operation and common control, engaged along with their employees in interstate commerce, and upon information and belief have combined annual gross sales and/or business volume of $500,000 or more.

12. KP and LS were joint employers of Plaintiff under the FLSA, shared Plaintiff's services, had Plaintiff acting in the interest of each business, and shared common control of Plaintiff.

13. Iosif is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of KP, ran the day-to-day operations, had operational control over KP, and was directly involved

in decisions affecting duties, employee compensation, and hours worked by employees, such as Plaintiff.

14. Iosif is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of LS, ran the day-to-day operations, had operational control over LS, and was directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Plaintiff.

15. Olga is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of KP, ran the day-to-day operations, had operational control over KP, and was directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Plaintiff.

16. Olga is an FLSA employer as defined in 29 U.S.C. § 203(d), is an owner and/or manager of LS, ran the day-to-day operations, had operational control over LS, and was directly involved in decisions affecting duties, employee compensation, and hours worked by employees, such as Plaintiff.

17. KP operates a business engaged in restaurant operations.

18. LS operates a business engaged in shoe repair.

19. Pronin worked for Defendants as a maintenance person and general laborer.

20. Defendants failed to pay Pronin's full and proper minimum wages.

21. Defendants failed to pay Pronin's full and proper overtime wages.

22. Defendants knowingly and willfully refused to pay Plaintiff's legally-entitled wages.

23. Attached as **Exhibit A** is a preliminary calculation of Pronin's claims including date ranges, hours worked, rates of pay, and unpaid wages; these amounts may change as Plaintiff engages in the discovery process.

24. Plaintiff retained the services of the undersigned and is obligated to pay for the legal services provided.

## COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### AGAINST ALL DEFENDANTS

25. Plaintiff realleges and incorporates the allegations set forth in paragraphs 1-24 above as if set forth herein in full.

26. Pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b), Plaintiff is entitled to (i) unpaid minimum wages, (ii) time-and-a-half overtime pay, and (iii) liquidated damages.

27. Plaintiff seeks recovery of damages as referenced above and further seeks interest, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff demands judgment against Defendants, jointly and severally, plus costs, reasonable attorneys' fees, and such other remedy as the court deems just and appropriate.

Respectfully submitted,

Koz Law, P.A.
800 East Cypress Creek Road Suite 421
Fort Lauderdale, Florida 33334
Tel:   (786) 924-9929
Fax:   (786) 358-6071
Email: dc@kozlawfirm.com

_____
Dillon S. Cuthbertson, Esq.
Florida Bar No. 1056382